**Gen Hwa CHEN, also known as Jin Hua Chen, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3942–AG.**

United States Court of Appeals,
Second Circuit.

Jan. 19, 2006.

Joan Xie, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois; Edmond E. Chang, Assistant United States Attorney, Chief of Appeals, Criminal Division; Lela D. Johnson, Assistant United States Attorney; Carole Ryczek, Assistant United States Attorney, Chicago, Illinois, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED, that the petition for review be DENIED.

Petitioner Gen Hwa Chen, a citizen of the People's Republic of China, petitions for review of an order of the BIA affirming a decision of an immigration judge ("IJ") rejecting the petitioners' application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Inconsistent testimony often bears a legiti-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

mate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See id.* at 287. Finally, while an adverse credibility finding may be based on the inherent implausibility of particular allegations, *see, e.g., Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005), it may not be based on speculation and conjecture, *see Secaida–Rosales,* 331 F.3d at 307, 312.

In this case, the IJ's adverse credibility finding, based principally on inconsistencies in Chen's testimony, the lack of detail in her testimony about her children, Chen's admission that she gave false statements at her airport and credible fear interviews, and the lack of corroborating statements and evidence, was supported by substantial evidence. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003) (per curiam). Additionally, Chen failed to demonstrate a "clear probability that [her] life or freedom would be threatened" so as to be eligible for withholding of removal. *See Secaida–Rosales,* 331 F.3d at 306; *see also Zhou Yun Zhang,* 386 F.3d at 71 ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."). Thus, the IJ and BIA correctly concluded that Chen had failed to establish that she had suffered past persecution or had a well-founded fear of future persecution and, consequently, that she was ineligible for asylum or withholding of removal. The IJ and BIA also separately considered Chen's CAT claim, and properly concluded that Chen did not provide evidence indicating that there was any likelihood that Chen would be tortured if she returned to China. *See Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004).

We have considered all of Chen's claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).